{¶ 53} While I concur with the judgment and analysis of the majority, I believe this case speaks volumes about the impractical, costly and illogical nature of Senate Bill 2. In this case we affirm the imposition of more than the minimum sentences in counts one, two and four, as well as the maximum sentence in count four.[1] We then dismiss the Blakely
and proportionality claims, but reverse and vacate the sentence on the grounds that the trial court failed to consider the factors under R.C. 2929.13 or make findings that the prison terms were consistent with the purposes and principles of sentencing and that Watson was not amenable to community control sanctions in counts one and four.
 {¶ 54} We have found that the record supports more than the minimum sentences and a maximum sentence, as well as, by operation of law, the consecutive application of one sentence, and that these sentences were not disproportionate to the others. Nevertheless, we are reversing and vacating the sentences because the court failed to state certain verbiage on the record involving the two sentences that are inferior to the three-year sentence imposed in count two. In my view, this makes no practical sense. While the constitutional protections afforded a defendant should remain a paramount concern, Senate Bill 2 is an inefficient, costly, unfair and illogical sentencing process. The transportation costs alone make it one of the most expensive pieces of legislation in Ohio history.
[1] In counts one and four, Watson received sentences of 17 months and 12 months to run concurrent with each other and in count two received a three-year consecutive sentence for a total sentence of fifty-three months, or four years and five months.